GEORGE W. RADCLIFF, plaintiff in error, *vs.* R. B. GUNBY & COMPANY, defendants in error.

When a merchant sells an article as a fertilizer, at the market value of that particular kind or description of fertilizer, the law implies that he warrants to the purchaser thereof, that the article sold is a merchantable article, and reasonably suited to the use for which it is purchased ; and if it is not, the defendant may plead it in abatement of the purchase money agreed to be paid therefor. (R.)

Sale.   Warranty.   Before Judge JOHNSON.   Muscogee Superior Court.   November Term, 1871.

For the facts of this case, see the decision.

BLANDFORD & CRAWFORD, for plaintiff in error.

No appearance for defendants.

WARNER, Chief Justice.

The plaintiffs brought an action against the defendant on an open account for $148 36, for " Wilson's Phosphate," as

appears from the bill of particulars annexed to the plaintiffs' declaration. On the trial of the case the plaintiffs proved that the article charged in the account was worth the price charged in the market, and that the same was sold and delivered to the defendant at that price. The defendant proved that he bought the article of the plaintiffs as a fertilizer, and that the same had no virtue in it and was of no use or value whatever; that he had judiciously used it and it had no effect on the crops. The Court charged the jury that if defendant purchased of the plaintiffs the articles mentioned in the account sued on, and the same had a market value, then plaintiffs were entitled to recover of defendant whatever was proved to be the market value of the same, although the same was of no value or benefit to the defendant. To which charge the defendant excepted. The jury found a verdict for the plaintiffs for the full amount of the account. Whatever may have been the rule of the common law applicable to this question, we think the charge of the Court was error, according to the provisions of the 2609th section of the Code of this State. That section declares, " If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects—the seller, however, in *all cases* (unless expressly, or, from the nature of the transaction, excepted,) warrants, first, that he has a valid title and right to sell; second, that the article sold is merchantable, and reasonably suited to the use intended; third, that he knows of no latent defects undisclosed. A breach of the warranty, express or implied, does not annul the sale, if executed, but gives the purchaser a right to damages. It may be pleaded in abatement of the purchase money :" Code, section 2610. In this case, the defendant pleaded the general issue only—the breach of the warranty implied by law was not specially pleaded in abatement of the purchase money, but the evidence going to show a breach of the warranty implied by law was admitted without *objection*, so far as the record shows; that evidence proves that the article, Wilson's Phosphate, was purchased of the plaintiffs by the defendant as a

*fertilizer*, and that it was worthless for that purpose. When a merchant sells an article as a fertilizer, at the market value of that particular kind or description of fertilizer, the law implies that he warrants to the purchaser thereof that the article sold is a merchantable article and reasonably suited to the use for which it is purchased; and if it is not, the defendant may plead it in abatement of the purchase money agreed to be paid therefor.

Let the judgment of the Court below be reversed.